## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

AMY CAVANAGH, individually and on
behalf of all others similarly situated,

      Plaintiff,

          v.

KIND, LLC,

      Defendant.

Civ. Action No.

COMPLAINT **15 CV 4064**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**



Plaintiff Amy Cavanagh (the "Plaintiff"), on behalf of herself and all others similarly situated, hereby alleges against Defendant KIND, LLC (the "Defendant" or "KIND") the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

### NATURE OF ACTION

1.    This is a class action on behalf of California consumers who purchased KIND Healthy Bars (defined herein) represented as "healthy" or KIND All-Natural Bars (defined herein) that contain artificial ingredients or synthetic substances, including but not limited to one or more of the following ingredients: Natural (Fruit) Flavor, Non GMO Glucose or Glucose Syrup, Palm Kernel Oil, Soy Lecithin, Soy Protein Isolate, and Vegetable Glycerin (collectively, the "Challenged Ingredients"). Since 2004, KIND distributed and sold several KIND bar varieties that KIND packaged and marketed as "healthy" and "All Natural," despite the fact that (a) the bar varieties exceed federal requirements for use of the nutrient content claim "healthy" on a food label, and (b) the bar varieties contain between one (1) and five (5) of the Challenged Ingredients, as identified and described in Paragraphs 31 to 38 herein.

2.      Since its inception, KIND held itself out as the brand focused on "creating wholesome and great tasting snacks."[1] KIND sought to distinguish itself from its competitors by prominently advertising that its snack bar varieties including KIND All-Natural Bars and KIND Healthy Bars are "All-Natural" and "healthy," even though the KIND All-Natural Bars and KIND Healthy Bars are, in fact, not "All Natural" or "healthy" as represented.

3.      KIND manufactures, distributes and sells 30 varieties of snack bars that are falsely and deceptively marketed and labeled as made with "All Natural" ingredients (collectively, the "KIND All-Natural Bars").[2] These snack bars are varieties of KIND "Fruit & Nut" bars, KIND "Plus" bars, KIND "Nuts & Spices" bars, and KIND "Healthy Grains®" bars, which contain one or more Challenged Ingredients, some of which are artificial ingredients or synthetic chemicals under federal regulations.

4.      Although KIND disclosed on certain labels of KIND All-Natural Bars that these bars contain one or more Challenged Ingredients, these labels do not make known that these Challenged Ingredients are either artificial or synthetic. Upon information and belief, KIND utilizes hexane-processed soy lecithin, soy protein isolate, and palm kernel oil in its KIND All-Natural Bars.   As such, labeling KIND All-Natural Bars as "All-Natural" creates false

---

[1] KIND LLC, A Note to Our KIND Community, http://www.kindsnacks.com/blog/post/a-note-to-our-kind-community-2/ (last visited May 26, 2015).
[2] The KIND All-Natural Bars include KIND "Fruit & Nut" Almond & Apricot; KIND "Fruit & Nut" Nut Delight; KIND "Fruit & Nut" Blueberry Vanilla & Cashew; KIND "Fruit & Nut" Fruit & Nut Delight; KIND "Fruit & Nut" Apple Cinnamon & Pecan; KIND "Fruit & Nut" Almonds & Apricots in Yogurt; KIND "Fruit & Nut" Peanut Butter & Strawberry; KIND "Fruit & Nut" Almond & Coconut; KIND "Fruit & Nut" Almond Coconut Cashew Chai; KIND "Fruit & Nut" Fruit & Nuts in Yogurt; KIND "Plus" Cranberry Almond + Antioxidants with Macadamia Nuts; KIND "Plus" Almond Walnut Macadamia with Peanuts Protein; KIND "Plus" Pomegranate Blueberry Pistachio + Antioxidants; KIND "Plus" Almond Cashew with Flax + Omega 3; KIND "Plus" Blueberry Pecan + Fiber, KIND "Plus" Dark Chocolate Cherry Cashew + Antioxidants; KIND "Plus" Peanut Butter Dark Chocolate + Protein; KIND "Nuts & Spices" Cashew & Ginger; KIND "Nuts & Spices" Dark Chocolate Chili Almond; KIND "Nuts & Spices" Maple Glazed Pecan & Sea Salt; KIND "Nuts & Spices" Madagascar Vanilla Almond; KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan; KIND "Nuts & Spices" Dark Chocolate Mocha Almond; KIND "Nuts & Spices" Caramel Almond & Sea Salt; KIND "Nuts & Spices" Salted Caramel & Dark Chocolate Nut; KIND "Healthy Grain®" Dark Chocolate Chunk; KIND "Healthy Grain®" Maple Pumpkin Seeds with Sea Salt; KIND "Healthy Grain®" Vanilla Blueberry; and KIND "Healthy Grain®" Peanut Butter Dark Chocolate.

impression and confusion among consumers. A reasonably prudent consumer would not expect a product labeled "All-Natural" to contain artificial or synthetic ingredients.

5.    Of the 30 bar varieties at issue in this Complaint, nine (9) of these varieties are also falsely and deceptively represented as "healthy" (collectively, the "KIND Healthy Bars").[3] These bars are varieties of KIND "Fruit & Nut" bars, KIND "Plus" bars, KIND "Nuts & Spices" bars, and KIND "Healthy Grains®" bars, which contain more than the maximum amount of saturated fat allowable under the federal requirements for use of the nutrient content claim "healthy" on a food label.

6.    Although KIND disclosed the saturated fat content on certain nutrition facts panels of KIND Healthy Bars, KIND does not make known that these content level exceed federal requirements for use of the nutrient content claim "healthy" on a food label. As such, representing KIND Healthy Bars as "healthy" creates false impression and confusion among consumers. A reasonably prudent consumer would not expect a product labeled "healthy" to contain the same amount of saturated fat as a candy bar.

7.    In short, KIND engaged in a uniform, widespread campaign to mislead consumers about the nature of the ingredients in KIND All-Natural Bars and the purportedly "healthful" benefits of its KIND Healthy Bars. By deceiving consumers about the nature, quality and ingredients of its KIND All-Natural Bars and KIND Healthy Bars, KIND was able to command a price premium for its products.   KIND profited handsomely by persuading consumers to purchase KIND All-Natural Bars and KIND Healthy Bars over other snack options not misleadingly labeled as "All-Natural" or "healthy." KIND was motivated to mislead consumers

---

[3] The KIND Healthy Bars include KIND "Fruit & Nut" Almond & Apricot; KIND "Fruit & Nut" Almonds & Apricots in Yogurt; KIND "Fruit & Nut" Almond & Coconut; KIND "Fruit & Nut" Almond Coconut Cashew Chai; KIND "Plus" Peanut Butter Dark Chocolate + Protein; KIND "Nuts & Spices" Dark Chocolate Chili Almond; KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan; KIND "Nuts & Spices" Dark Chocolate Nut &Sea Salt; and KIND "Nuts & Spices" Salted Caramel & Dark Chocolate Nut.

for no other reason than to take away market share from competing products, thereby increasing its own sales and profits.

8.     Plaintiff seeks relief in this action individually, and on behalf of the proposed Class Members who, within the relevant statute of limitations period, purchased either KIND All-Natural Bars or KIND Healthy Bars, for KIND's breach of express warranties, breach of implied warranties of merchantability, unjust enrichment, intentional misrepresentation, negligent misrepresentation, and for violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*, and the False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq.*

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005("CAFA"), because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which Plaintiff and two-thirds of proposed Class Members are from a different state than Defendant. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a resident of the state of California, Defendant is a resident of Delaware and New York, as the Defendant is incorporated under the laws of the State of Delaware and it maintains its principal place of business in New York, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

11.     Personal jurisdiction is derived from the fact that Defendant systematically and continuously conducts business within the state of New York and maintains its principal place of business within the state of New York.

12.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal place of business is located within this judicial district and because a substantial part of the events and acts giving rise to the claims herein occurred in this District.

## THE PARTIES

13.   Plaintiff Amy Cavanagh is a resident of Redwood City, California.  The Plaintiff purchased KIND All-Natural Bars on numerous occasions during the last six months of 2014 and the first four months of 2015 at places including CostCo, Whole Foods and other retail stores in Redwood City, California.  Plaintiff Cavanagh purchased individual bars and multipack boxes (12 and 18 count) of KIND All-Natural Bars, specifically including, but not limited to, Peanut Butter Dark Chocolate + Protein and variety packs, which range from approximately $1.99 (individual) to $14.00 - $21.00 (multipack).  The Plaintiff purchased KIND All-Natural Bars in reliance on KIND's misrepresentations, including those found on the labels for the respective KIND All-Natural Bars and various promotional materials described herein.  The Plaintiff chose KIND All-Natural Bars over other snack bar options and paid a substantial premium for KIND All-Natural Bars because she believed KIND's misrepresentations that the KIND All-Natural Bars were "All Natural."  Plaintiff would not have purchased varieties of KIND All-Natural Bars if she knew that (1) the claims were false or misleading, or (2) the KIND All-Natural Bars were misbranded.

14.   Defendant KIND, LLC is a Limited Liability Company incorporated in Delaware. KIND maintains a principal place of business at 8 West 38th Street, 6th Floor, New York, New York 10018. Founded in 2004 by Daniel Lubetzky, KIND bills itself as a market leader in the nutritional snack bar category and the number one brand in the healthy snack bar segment within the nutritional snack bar category.   According to the Company, unlike most other leading

nutritional snack bars, KIND's healthy snack bars are made from all-natural, nutritionally rich "ingredients you can see and pronounce," a branding proposition KIND registered as a trademark (Federal Trademark Registration No. 3,634,183).  KIND offers 35 bar varieties and six (6) grain clusters.  These products are sold through an extensive retail distribution network in over 80,000 locations nationally.[4] These locations include various grocery stores, specialty food stores (e.g., Whole Foods), club warehouse stores (e.g., Costco), pharmacy and convenience stores (e.g., Duane Reade), gas stations (e.g., Hess) and other venues (e.g., Starbucks and Amtrak trains).   In 2013 alone, KIND sold more than 200 million KIND bars, with retail sales in excess of $300 million. Over the life of the brand, KIND has sold more than 450 million KIND bars, with aggregate retail sales well in excess of $600 million.

## BACKGROUND

### A.    The Healthy Snacks Food Industry

15.    Maintaining a healthy lifestyle has become of paramount importance in the United States.  Further, American consumers are health conscious and look for wholesome, natural foods to keep a healthy diet, so they frequently take nutrition information into consideration in selecting and purchasing food items.  Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers that they can and do use to make purchasing decisions.  As noted by FDA Commissioner Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet."[5]

---

[4] Caroline Fairchild, Why KIND Bars Are Suddenly Everywhere, http://fortune.com/2014/02/10/why-kind-bars-are-suddenly-everywhere/ (lasted visited May 26, 2015)
[5]  Transcript for FDA's Media Briefing on Front-of-Pack Labeling, October 20, 2009, available at http://www.fda.gov/downloads/NewsEvents/Newsroom/MediaTranscripts/UCM187809.pdf.

16.     The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions.   An FDA Food Label and Package Survey found that approximately 4.8% of food products sold in the United States had either a health claim or a qualified health claim on the food package, and that more than half (53.2%) of the food products reviewed had nutrient content claims on the packaging.

17.     American consumers are increasingly seeking "All Natural" ingredients in the foods they purchase.  Although this segment of the health food market was once a niche market, natural foods have increasingly becoming part of the mainstream food landscape over the last several years.  According to *Natural Foods Merchandiser*, a leading information provider for the natural, organic and healthy products industry, the natural food industry enjoyed over $81 billion in total revenue in 2010, and grew over 7% in 2009.[6]  The market for all natural foods grew 9% in 2010 to $39 billion, and 2010 sales were 63% higher than sales in 2005.[7]  Consumer demand for all natural foods was predicted to grow 103% between 2010 and 2015 with annual sales exceeding $78 billion in 2015.[8]

18.     Consumers desire "All Natural" food products for a myriad of reasons, including wanting to live a healthier lifestyle, perceived benefits in avoiding disease and other chronic conditions, as well as to increase weight loss and avoid chemical additives in their food.  The "All Natural" branding also appears to appeal to individual consumers' interest in supporting sustainable living and environmentally sensitive food consumption, helping the environment,

---

[6] *See Natural and Organic Products Industry Sales Hit $81 Billion*, Natural Foods Merchandiser, (June 1, 2011), available at: http://www.prnewswire.com/news-releases/natural-and-organic-products-industry-saleshit-81-billion-122958763.html.

[7]     http://www.marketwire.com/press-release/natural-and-organic-food-and-beverage-market-to-double-by-2015-1525854.htm (last visited May 26, 2015).

[8] *Id.*

assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.  As a result, consumers are willing to pay a higher price for "All Natural" food and beverages.

19.     In recent years, consumer's focus on healthier eating has been fairly pervasive and America's demand for natural ingredients has soared. According to an article in *The Economist*, "natural" products are a fast growing market because of the power of "mother nature" in the hands of marketers, which conjures up images of heart-warming wholesomeness and rustic simplicity.[9]  According to this publication, a chief selling point of the organic-food industry is that no man-made chemicals are used in the production process.

20.     Moreover, this health trend is consistently reflected in IRI New Product Pacesetters report (the "IRI Report"), which is compiled by Information Resources Inc.[10] Based on the strongest food and beverage launches from 2014, the IRI Report found that consumers continue to be driven to purchase food products that "meet nutritional goals, while satisfying their desire to indulge."[11]

21.     In order to capture and tap into this growing market and the hunger of consumers for the perceived healthier, chemical free benefits of "All Natural" foods, Kind labeled and advertised the Kind products as "All Natural."

22.     A reasonable consumer's understanding of the term "natural" comports with federal regulators and common meaning.  That is, a reasonable consumer understands the term "natural" to mean that none of the ingredients are synthetic and none of the ingredients are

---

[9]   *Chemical Blessings: What Rousseau got Wrong*, The Economist, February 4, 2008, available at http://www.economist.com/node/10633398.
[10] Annie Wu, Healthy Snacks Top List of Best-Selling Food Brands in US, http://www.theepochtimes.com/n3/1332258-healthy-snacks-top-list-of-best-selling-food-brands-in-us/ (lasted visited May 26, 2015).
[11] Information Resources Inc., IRI Announces Most Successful Consumer Packaged Goods Brands of 2014, http://www.iriworldwide.com/insights/pressreleases (lasted visited May 26, 2015).

artificial. When the term "natural" is broadened to "All Natural" as on the Kind products' labels, there is no question that a reasonable consumer understands the term "All Natural" to mean that none of the ingredients are synthetic and none of the ingredients are artificial. In other words, by claiming that Kind products are "All Natural," Defendant has raised the bar and both warranted and represented to consumers that these KIND products contain only natural ingredients, and that none of the components of these KIND Products is artificial or synthetic.

23.   Accompanying this health trend is also Americans' changing view of energy and nutrition bars. A specialty product, once consumed only by athletes and dieters, is now widely consumed by a new type of consumer seeking out the portable bar as a healthy and easy-to-eat snack.[12] According to a Rabobank Group research report (the "Rabobank Report") in 2012, snacks account for a third of the calories consumed by adults on a daily basis.[13] The Rabobank Report also points out that "snack bars have found broad appeal among a large consumer base that ranges from athletes to couch potatoes, from working mothers to professionals on the go" specifically because these bars are multi-purpose and convenient.[14]

24.   Between 1992 and 2012, the snack bar market has more than doubled to almost $6 billion.[15] The Rabobank Report estimates that energy and nutrition bars account for more than one-third of these sales, or nearly two billion dollars. Furthermore, brands that are able to emphasize taste and quality ingredients help fuel growth in the snack bar market.

25.   The notion that taste and quality ingredients help fuel profits in the snack food industry continues to hold true. An editor for Information Resources Inc., in analyzing the top food launches for 2014 explained that "consumers want products that are more natural, that

---

[12] Fairchild, Why KIND Bars Are Suddenly Everywhere.
[13]  Bloomberg, Rabobank: Outlook Strong for Fast-Growing U.S. Snack Bar Market, http://www.bloomberg.com/bb/newsarchive/aJoXqsAkQ9LA.html (lasted visited May 26, 2015).
[14] *Id.*
[15] *Id.*

feature a streamlined ingredients list. But also understand that there is more to simplicity than ingredients. Consumers also want meal time solutions that are easy."[16]

**B.      KIND Capitalizes On A New Trend of Eating Preferences**

26.     KIND touts itself as one of the snack brands leading the effort to in eat healthier and simpler. According to data from Nielson, out of approximately two thousand products in the nutritional bar category, six of the top ten fastest-selling products are KIND bars.[17] For reference, there are approximately 2,000 products in the nutritional bar category.

27.     In an interview on FOX Business, KIND Founder Lubetzky acknowledges that consumers have an "obsession with quality."[18] When asked how KIND remains competitive in a huge healthy-snack industry, Lubetzky explained his snack bars are different because "people don't have to sacrifice taste or health when they can get something that is healthful and delicious with nutritiously rich ingredients."[19]

28.     Recognizing consumer's desire for quality ingredients, KIND prides itself as the brand that "does things a little differently."[20] While competing brands also contain whole grains, nuts and fruit, KIND distinguishes itself as the brand that "crafts delicious, natural, healthy snacks made from ingredients you can see & pronounce®."[21] In line with its brand philosophy that "there's healthy and tasty," and consumers deserve both, KIND represents that its products "are pretty much the nirvana of healthful tastiness."[22] While KIND Healthy Bars may be tasty,

---

[16] Wu, Healthy Snacks Top List of Best-Selling Food Brands in US.
[17] Fairchild, Why KIND Bars Are Suddenly Everywhere.
[18]    FOX   Business,   Growing   Your   Business:   Get   the   Product   Right,   http://video.foxbusiness
.com/v/2366165678001/growing-your-business-get-the-product-right/?playlist_id=937116503001#sp=show-clips
(last visited May 26, 2015)
[19] *Id.*
[20] KIND LLC, About KIND, http://www.kindsnacks.com/about/#slide-one (last visited May 26, 2015)
[21] VMG Partners, Kind Healthy Snacks, http://www.vmgpartners.com/companies/kind/ (last visited May 26, 2015)
[22] KIND LLC, About KIND.

the bars are neither healthful nor healthy because these bars contain the same amount of saturated fat as a candy bar that is not misleadingly represented as "healthy."

29.     On its website, KIND also maintains its strong belief that consumers should only eat what they can pronounce and, to that end, warrants that its products are made from "all-natural whole nuts, fruits and whole grains."[23] What KIND fails to disclose in its "all-natural" claims on the website or on the labels of its products is that its KIND All-Natural Bars also contains ingredients that are not all natural.

# ingredients you can see & pronounce®

We believe if you can't pronounce an ingredient, it shouldn't go into your body. Actually, it shouldn't even go into your pantry. That's why KIND Healthy Snacks are made from all-natural whole nuts, fruits and whole grains. Just a delicious way of getting your body essential nutrients like fiber, protein and antioxidants (to name a few).



30.     Furthermore, Founder Lubetzky stated that KIND "[would] never use anything that's artificial or that you could claim as natural but can't pronounce."[24] While it may be true that KIND All-Natural Bars use all natural nuts, fruits and whole grains, KIND All-Natural Bars also use one or more ingredients that are either artificial or synthetic.

---

[23] *Id.*
[24] Nick Leiber, Kind Healthy Snacks Goes From Small to Big, http://www.bloomberg.com/bw/articles/2013-02-21/kind-healthy-snacks-goes-from-small-to-big (last visited May 26, 2015)

## DEFENDANT'S USE OF UNNATURAL INGREDIENTS

31.     While the United States Food and Drug Administration (the "FDA") has not developed a definition for the use of the term "natural," the FDA does not object to the use of the term if the food does not contain added color, artificial flavors, or synthetic substances.[25]

32.     Congress defines "synthetic" to mean "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes." 7 U.S.C. §6502(21).

33.     Despite these established definitions, KIND made a far broader and more encompassing representation by labeling its KIND All-Natural Bars as "All Natural" when, in fact, its KIND All-Natural Bars contain between one (1) and five (5) of the Challenged Ingredients that are either artificial or synthetic.

**A.     Soy Lecithin and Soy Protein Isolate**

34.     At least 26 varieties of KIND All-Natural Bars contain the artificial ingredient soy lecithin and at least three (3) of these 26 varieties contain the artificial ingredient soy protein isolate. Soy lecithin and soy protein isolate are refined through the use of a volatile synthetic solvent, hexane.

35.     Hexane is a constituent of gasoline obtained from crude oil, natural gas liquids, or petroleum refinery processing. 40 C.F.R. § 99.2155. According to the United States Occupational Safety and Health Administration ("OSHA"), hexane is a narcotic and neurotoxic agent which can cause irritation to the eyes and upper respiratory tract. Commercial hexane also contains benzene, a known hematologic poison linked to chronic leukemia.

---

[25] http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm (last visited May 26, 2015).

**B.**      **Non GMO Glucose or Glucose Syrup**

36.      At least 24 varieties of KIND All-Natural Bars contain Non GMO glucose and at least two (2) varieties of KIND All-Natural Bars contain glucose syrup. Non GMO glucose is more commonly known as glucose syrup, dried glucose syrup, or corn syrup. *See* 21 C.F.R. 184.1865.

37.      Glucose syrup is the liquid form of starch. It derives from a number of starch crops including maize (corn), wheat, potato, barley or rice, though, maize is commonly used as the source of starch.  The Plaintiff avers and alleges that the Non GMO glucose and glucose syrup found in each of the 26 KIND All-Natural Bars derives from starch in maize.  To leach starch from the corn kernel, the shelled corn is soaked in a dilute sulfur dioxide solution – a synthetic substance – for several hours. Upon leaching, the starch is further processed to produce glucose syrup.

**C.**      **Vegetable Glycerin**

38.      At least eight varieties of KIND All-Natural Bars contain the synthetic substance vegetable glycerin, a well-recognized synthetic product. *See* 21 C.F.R § 172.866; 7 C.F.R. § 205.605(b); 7 C.F.R. § 205.603; 21 C.F.R. § 178.3500. The Plaintiff believes, and therefore avers, that the vegetable glycerin in KIND All-Natural Bars is synthesized using one or both commonly used manufactured methods – hydrolysis of fats and oils or hydrogenolysis of carbohydrates or propylene – and not derived naturally. Commercial glycerin used in food products manufactured by either of the two commonly used methods is a recognized synthetic product. 21 CFR 172.866; 7 CFR 205.605(b); 7 CFR 205.603; 21 CFR 178.3500.  Glycerin (a/k/a Glycerine, Glycerol or Vegetable Glycerin) is a synthetic alcohol that rarely exists in its free form in nature. It is used in some food products as a sweetener, as a preservative, or as a

thickening agent.   Glycerin is commonly manufactured for commercial use through (1) hydrolysis of fats and oils, or (2) synthesized from the hydrogenolysis of carbohydrates or petrochemicals.

**D.      Palm Kernel Oil**

39.      At least 10 varieties of KIND All-Natural Bars contain palm kernel oil. Unlike palm oil, palm kernel oil contains more saturated fat. Because it has similar properties to trans fats, palm kernel oil became an inexpensive replacement when trans fats were removed from the market due to negative health consequences. The ingredient is commonly extracted from the kernel or seed of the fruit in oil palms, through the use of synthetic solvents, such as hexane.

**E.      Natural (Fruit) Flavor**

40.      At least 14 varieties of KIND All-Natural Bars contain natural fruit flavors that include apricot, strawberry, blueberry and maple. Flavor materials are commonly derived from natural and synthetic means, but it is unclear at this point if the process used to derive each of the above flavors renders the final ingredient so heavily processed that it can no longer be considered as a natural ingredient.

<u>**DEFENDANT'S MISLEADING LABELING AND MARKETING**</u>

41.      KIND recognized consumer demand for healthy products made with natural ingredients.   To capitalize on this growing demand, KIND engaged in a long-term advertising campaign in which KIND utilized various forms of media to consistently and uniformly promote its KIND All-Natural Bars as "All Natural" and healthy.   For example, KIND's campaign featured thee misrepresentations on its website, in experiential marketing priogramsn, and in point-of-sale promotional materials.  In 2013, KIND spent approximately $40 million advertising KIND bars including sales promotion and trade spending.   Altogether, since 2004, KIND has

spent approximately $100 million marketing its healthy snack bars.  KIND bars have received in excess of 3.5 billion earned media impressions during the past four years.

42.    On the front of each KIND All-Natural Bars at issue in this Complaint, KIND makes prominent representations about the nutritious benefits in the snack bar, including the representation that the snack bar is "All Natural." Thus, the labeling of KIND All Natural Bars is designed to create a false consumer belief that KIND Natural Bars are free from artificial or synthetic ingredients.






43.    According to the  ingredient list on KIND All-Natural Bars, and contrary to KIND's promises on product labels and other promotional materials, the KIND All-Natural Bars

contain between one (1) and five (5) of the Challenged Ingredients that are either artificial or synthetic:

a)   KIND "Fruit & Nut" Almond & Apricot: Natural (Apricot) Flavor, Non GMO Glucose, Soy Lecithin, and Vegetable Glycerin.

b)   KIND "Fruit & Nut" Nut Delight: Non GMO Glucose and Soy Lecithin.

c)   KIND "Fruit & Nut" Blueberry Vanilla & Cashew: Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

d)   KIND "Fruit & Nut" Fruit & Nut Delight: Natural (Apricot) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

e)   KIND "Fruit & Nut" Apple Cinnamon & Pecan: Non GMO Glucose and Soy Lecithin.

f)   KIND "Fruit & Nut" Almonds & Apricots in Yogurt: Natural (Apricot) Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Vegetable Glycerin.

g)   KIND "Fruit & Nut" Peanut Butter & Strawberry: Natural (Strawberry) Flavor, Non GMO Glucose, Soy Lecithin, Soy Protein Isolate and Vegetable Glycerin.

h)   KIND "Fruit & Nut" Almond & Coconut: Non GMO Glucose and Soy Lecithin.

i)   KIND "Fruit & Nut" Almond Coconut Cashew Chai: Natural Flavor, Glucose Syrup and Soy Lecithin.

j)   KIND "Fruit & Nut" Fruit & Nuts in Yogurt: Natural (Apricot) Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Vegetable Glycerin.

k)   KIND "Plus" Cranberry Almond + Antioxidants with Macadamia Nuts: Non GMO Glucose.

l)      KIND "Plus" Almond Walnut Macadamia with Peanuts Protein: Non GMO Glucose, Soy Lecithin and Soy Protein Isolate.

m)     KIND "Plus" Pomegranate Blueberry Pistachio + Antioxidants: Natural (Blueberry) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

n)      KIND "Plus" Almond Cashew with Flax + Omega 3: Non GMO Glucose.

o)      KIND "Plus" Blueberry Pecan + Fiber: Natural (Blueberry) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

p)      KIND "Plus" Dark Chocolate Cherry Cashew + Antioxidants: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

q)      KIND "Plus" Peanut Butter Dark Chocolate + Protein: Natural Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Soy Protein Isolate.

r)      KIND "Nuts & Spices" Cashew & Ginger: Non GMO Glucose and Soy Lecithin.

s)      KIND "Nuts & Spices" Dark Chocolate Chili Almond: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

t)      KIND "Nuts & Spices" Maple Glazed Pecan & Sea Salt: Natural (Maple) Flavor, Non GMO Glucose and Soy Lecithin.

u)      KIND "Nuts & Spices" Madagascar Vanilla Almond: Non GMO Glucose and Soy Lecithin.

v)      KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

w)      KIND "Nuts & Spices" Dark Chocolate Mocha Almond: Non GMO Glucose and Soy Lecithin.

x)   KIND "Nuts & Spices" Caramel Almond & Sea Salt: Natural Flavor, Non GMO
Glucose, Palm Kernel Oil and Soy Lecithin.

y)   KIND "Nuts & Spices" Dark Chocolate Nuts & Sea Salt: Non GMO Glucose,
Palm Kernel Oil and Soy Lecithin.

z)   KIND Nuts & Spices" Salted Caramel & Dark Chocolate Nut: Natural Flavor,
Glucose Syrup, Palm Kernel Oil and Soy Lecithin.

aa)  KIND "Healthy Grain®" Dark Chocolate Chunk: Soy Lecithin.

bb)  KIND "Healthy Grain®" Maple Pumpkin Seeds with Sea Salt: Natural Flavor.

cc)  KIND "Healthy Grain®" Vanilla Blueberry: Natural Flavor.

dd)  KIND "Healthy Grain®" Peanut Butter Dark Chocolate: Soy Lecithin.

44.   KIND cultivated and reinforced a corporate image that has catered to this "All
Natural" claim. Despite the fact that the KIND Natural Bars identified in Paragraph 43 contain
synthetic or artificial ingredients, KIND boldly emblazoned "All Natural" on the labels of each
and every one.

45.   KIND All-Natural Bars are encased in high-quality clear wrappers to show off the
bulk of the ingredients contained in the bars. Founder Lubetzky explained that the packaging
"allowed customers to see all the ingredients and know exactly what they are getting." However,
a reasonable consumer who made the decision to purchase a KIND All-Natural Bar labeled "All
Natural" over a comparable product not labeled "All Natural" could not have known that
KIND's representation was untrue, as reasonable consumers for not have the knowledge or
equipment to assess whether KIND products contain artificial and synthetic ingredients.  The
labeling of products as "All Natural" carries an implied health benefit not present in comparable
products that are not labeled as "All Natural" or contain artificial ingredients. This implied health

benefit has a monetary value because consumers are often willing to pay a price premium for "All Natural" products for health reasons.   Reasonable consumers, including the Plaintiff, purchased KIND All-Natural Bars based upon the belief that the snack bars are free from ingredients that are not natural. Reasonable consumers would not deem KIND All-Natural Bars as natural or free from unnatural ingredients if they knew that KIND All-Natural Bars contain one or more Challenged Ingredients that are either artificial or synthetic.

### KIND HEALTHY BARS ARE MISBRANDED AS HEALTHY

46.   California's Sherman Food, Drug and Cosmetic Law (the "Sherman Law") adopts FDA regulations on labeling and branding of food products as food regulations in the state of California. Cal. Health & Safety Code §§ 109925, 110110, 111550.

47.   Specifically, Article 6 of the Sherman Law concerns misbranding of foods. Cal. Health & Safety Code §§ 110660, *et seq*. Specifically, the article provides, "any food is misbranded if its labeling is false or misleading in any particular." Furthermore, a food product is mislabeled if: 1) the "labeling does not conform with the requirements of nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto"; or 2) the "labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."  Cal. Health & Safety Code §§ 110660, 110666.

48.   On March 17, 2015, the FDA issued a Warning Letter to KIND.[26] The FDA reviewed four KIND snack bars[27] and concluded, among others, that 1) KIND's healthy claims

---

[26]   *See* March 17, 2015 FDA Warning Letter to KIND, LLC, *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm440942.htm (last visited May 26, 2015).
[27]  These four KIND snack bars reviewed by the FDA were: KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Plus Peanut Butter Dark Chocolate + Protein, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants. All four KIND snack bars are at issue in this Complaint.

were misleading; and 2) KIND's labeling practices were in violation of section 403 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 343 (the "FDCA").

49.     The F.D.A. considers the term "healthy" (and its related terms) to be an implied nutrient content claim.   "Healthy" (or its related terms) may only be used on the label or in labeling of a food that is useful in creating a diet that is consistent with dietary recommendations, *inter alia*, if the food "has saturated fat content of 1 g or less per Reference Amount Customarily Consumed (RACC) and no more than 15 percent of the calories are from saturated fat."

50.     The FDA pointed out that none of the four KIND snack bars met the requirements for use of the nutrient content claim "healthy" set forth in 21 CFR 101.65(d)(2) because the nutrition fact panel on each of the snack bar indicates that each bar contains between 2.5 and 5 grams of saturated fat per 40 gram of the food. These amounts are two to five times higher than the maximum permitted federal requirements. Hence, the KIND snack bars are misbranded within the meaning of section 403(r)(1)(A) of the FDCA.

51.     While the FDA only examined four KIND snack bars, KIND made similar "healthy" claims for other KIND Healthy Bars. According to the nutrition facts panel on KIND Healthy Bars at issue in this Complaint, and contrary to KIND's promises on promotional materials, the following KIND All-Natural Bars were represented as "healthy" but exceed federal requirements for use of the nutrient claim:

a)      KIND "Fruit & Nut" Almond & Apricot contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

b)      KIND "Fruit & Nut" Almonds & Apricots in Yogurt contains 5 gram of saturated fat per 40 gram of the food and 25 percent of the calories are from saturated fat.

c)      KIND "Fruit & Nut" Almond & Coconut contains 5 gram of saturated fat per 40 gram of the food and 25 percent of the calories are from saturated fat.

d)      KIND "Fruit & Nut" Almond Coconut Cashew Chai contains 4 gram of saturated fat per 40 gram of the food and 20 percent of the calories are from saturated fat.

e)      KIND "Plus" Peanut Butter Dark Chocolate + Protein contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

f)      KIND "Nuts & Spices" Dark Chocolate Chili Almond contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

g)      KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan contains 3.5 gram of saturated fat per 40 gram of the food 18 percent of the calories are from saturated fat.

h)      KIND "Nuts & Spices" Dark Chocolate Nuts & Sea Salt contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

i)      KIND "Nuts & Spices" Salted Caramel & Dark Chocolate Nut contains 3.5 gram of saturated fat per 40 gram of the food 18 percent of the calories are from saturated fat.

52.     Accordingly, the KIND Products do not meet the requirements for use of the nutrient content claim "healthy" on a food label and are misbranded under 21 CFR 101.65(d)(2) and the Sherman Law.

53.     Branding products as "healthy" carries an implied health claim not present in comparable products that do not use the term "healthy" or its related terms. This implied health claim has a monetary value because consumers are willing to pay a price premium for "healthy" products. KIND cultivated and reinforced a corporate image that has catered to this "healthy" claim despite the fact that KIND Healthy Bars exceed federal requirements for use of the nutrient content claim "healthy" on the food label

54.     Until recently, KIND used a logo with the words "KIND Healthy Snacks." VMG Partners, the private equity firm that holds a minority stake in KIND still refers to KIND as "KIND Healthy Snacks" and displays KIND's older logo on its website.[28] Furthermore, multiple references to the company in news articles refer to the company as KIND Healthy Snacks.



55.     However, KIND Healthy Bars are not "healthy" as defined under federal standards. Furthermore, the saturated fat content levels in certain varieties of KIND Healthy Bars are similar to (or sometimes more than) the content levels in candy bars that contain nuts not otherwise represented as healthy. For example, a KIND "Fruit & Nut" Almond Coconut Cashew Chai bar contains 4 gram of saturated fat and 20 percent of its calories are from saturated fat. By contrast, a Snickers® Bar contains 4.5 gram of saturated fat and 23 percent of its calories are

---

[28] http://www.vmgpartners.com/companies/kind/.

from saturated fat, while a PayDay Peanut Caramel Bar contains 2.5 gram of saturated fat and 13 percent of its calories are from saturated fat.

56.   A reasonable consumer who made the conscious decision to purchase a KIND Healthy Bar over a candy bar that contains nuts could not have known that KIND's representation - that its KIND Healthy Bars were "healthy" - was untrue.  This deprived the Plaintiff and other reasonable consumers of the ability to make an informed choice in their selection of snack bars and cost them the premium charged by KIND for their healthy bars that were, in fact, not "healthy."

## RELIANCE AND INJURY

57.   All of KIND's false and misleading claims challenged herein relate to matters that are material and important to a consumer's purchasing decision because the claims concern the ingredients of the KIND All-Natural Bars, the qualities and/or composition of KIND Healthy Bars, and the reason for which KIND All-Natural Bars and KIND Healthy Bars are sold.

58.   Consumers frequently rely on representations made by food companies and information available on food label when making purchase decisions. Here, Plaintiffs and proposed Class Members reasonably relied to their detriment on KIND's misleading representations and omissions.

59.   KIND's uniform claims in its marketing and promotional materials were intended to, and did induce Plaintiff and proposed Class Members to rely upon the representations that KIND All-Natural Bars and KIND Healthy Bars were "All Natural" and "healthy," respectively. These representations were a substantial factor in causing Plaintiffs and proposed Class Members to purchase KIND All-Natural Bars or KIND Healthy Bars over other lower-priced or truly healthy or natural alternatives. The Plaintiff and proposed Class Members would not have

purchased KIND All-Natural Bars and KIND Healthy Bars at all or at the price offered if they knew the true facts about KIND All-Natural Bars and KIND Healthy Bars.

60.     At the time of the purchase, proposed Class Members were unaware of the fact that 1) the KIND All-Natural Bars contained artificial or synthetic ingredients and are misrepresented as "All Natural," or 2) the KIND Healthy Bars exceed federal requirements for the nutrient claim and are misbranded as "healthy."

61.     The Plaintiff also sustained legally cognizable injury in the form of lost money as a result of KIND's misbranding, which also was in the nature of an omission. KIND failed to adequately disclose that 1) KIND All Natural Bars contained artificial or synthetic ingredients and 2) KIND Healthy Bars exceed federal requirements for the nutrient claim "healthy." Had Defendant labeled the KIND All-Natural Bars truthfully or KIND Healthy Bars in conformance with applicable federal and state food regulations, Plaintiff would not have purchased the snack bar at all, and certainly not at the price offered.

62.     Plaintiff and proposed Class Members have been injured in fact and have suffered out of pocket losses. Plaintiff and proposed Class Members therefore seek a full refund of the purchase price and all further equitable and injunctive relief as provided by applicable law.

## CLASS ACTION ALLEGATIONS

63.     The Plaintiff brings this action on behalf of herself individually, and as a representative for four classes seeking certification under Fed.R.Civ.P 23 (b)(1), (b)(2), (b)(3) and (c)(4), as may deemed appropriate by the Court. The four classes are defined as follow:

1)      <u>Nationwide All Natural Class</u>: All persons in the United States who purchased KIND All-Natural Bars during the applicable liability period for their personal use, rather than for resale or distribution.

2)      Nationwide Healthy Class: All persons in the United States who purchased KIND All-Natural Bars during the applicable liability period for their personal use, rather than for resale or distribution.

3)      California All Natural Class: All persons who purchased KIND All-Natural Bars in the state of California during the applicable liability period for their personal use, rather than for resale or distribution.

4)      California Healthy Class: All persons who purchased KIND Healthy Bars in the state of California during the applicable liability period for their personal use, rather than for resale or distribution.

64.    Excluded from the classes are: (i) Defendant KIND and its employees, principals, affiliated entities, legal representatives, successors and assigns; and (ii) judges to whom this action is assigned and any members of their immediate families.

65.    The requirements of Federal Rule of Civil Procedure 23 are satisfied:

66.    Numerosity: The members of each proposed Classes are so numerous that a joinder of all members is impracticable. Upon information and belief, there are tens of thousands of members in each class due to the nature of trade and commerce involved.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of Class members in a single class action will provide substantial benefits to all parties involved and the Court.

67.    Commonality: There is a well-defined community of interest in the questions of law and fact affecting the Plaintiff and proposed Class Members represented in this action. These

questions predominate over questions affecting only individual Class Members. These common questions of fact and law include, but are not limited to, the following:

a)      whether KIND All-Natural Bars that contain one or more artificial or synthetic ingredients are "All Natural;"

b)      whether KIND misrepresented that KIND All-Natural Bars are all-natural and free from unnatural ingredients;

c)      whether the "All Natural" labeling of KIND All-Natural Bars is (and was) likely to deceive Class Members;

d)      whether KIND misrepresented that KIND Healthy Bars are healthy;

e)      whether the "healthy" claims by KIND is (and was) likely to deceive Class Members;

f)      whether KIND's misrepresentations and omissions are (and were) material to reasonable consumers;

g)      whether KIND's labeling, marketing, and sale of KIND All-Natural Bars and KIND Healthy Bars constitutes deceptive conduct;

h)      whether KIND engaged in false or misleading advertising;

i)      whether KIND's conduct constitutes a breach of warranty;

j)      whether KIND was unjustly enriched by its iniquitous conduct;

k)      whether KIND's representations are unlawful; and

l)      the appropriate measure of damages or restitution.

68.     Typicality: Plaintiff's claims are typical of the claims of the proposed classes because Plaintiff suffered the same injury as other Class Members *i.e.*, Plaintiff purchased KIND All-Natural Bars and KIND Healthy Bars based on KIND's misleading representations about both snack bar varieties.

26

69.    <u>Adequacy</u>: The Plaintiff is an adequate representative of the proposed Classes because his/her interests do not conflict with the interests of the proposed Class Members s/he seeks to represent, and s/he has retained counsel competent and experienced in conducting complex class action litigation.

70.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class Member likely will be small, especially when comparing the relative cost of individual KIND All-Natural Bars and KIND Healthy Bars at issue against the burden and expense of individual prosecution of the complex litigation necessitated by KIND's conduct. Thus, given the small size of each class member's claims in this situation, class treatment is not merely superior, but is the only manner in which to ensure fair and efficient adjudication of the action. Furthermore, individual actions present the potential for inconsistent or contradictory judgments, which could be dispositive of at least some of the issues and interests of the other members not party to the individual actions. Hence, such inconsistencies or contradictions would impair or impede such members' ability to protect their interests, and would establish incompatible standards of conduct for the party opposing the class. By contrast, a class action presents far fewer management difficulties and provides the single adjudication, economies of scale, and comprehensive supervision by a single court.

71.    The prerequisites for maintaining a class action for equitable relief under Fed. R. Civ. P 23 (b)(2) are met because KIND has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final equitable relief with respect to each class as a whole. In particular, KIND failed to disclose the true nature of the Products being marketed as described herein.

## FIRST CAUSE OF ACTION
### (Breach of Express Warranty)

72.     Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

73.     Plaintiff brings this count individually, on behalf of the members of Nationwide All Natural Class, Nationwide Healthy Class, California All Natural Class, and California Healthy Class.

74.     KIND, as a manufacturer, promoter, distributor and seller, expressly warranted that 1) KIND All Natural Bars were "All Natural" and 2) KIND Healthy Bars were "healthy." These representations became the basis of the bargain between Plaintiff and proposed Class Members, and KIND.

75.     KIND breached its "All Natural" warranty because KIND All Natural Bars contain one or more artificial ingredients or synthetic substances.

76.     KIND breached its "healthy" warranty because KIND Healthy Bars exceed federal requirements for the nutrient claim "healthy."

77.     KIND made the above representations to induce the Plaintiff and proposed Class Members to purchase KIND All Natural Bars and KIND Healthy Bars. The Plaintiff and proposed Class Members relied on the representations when purchasing KIND All Natural Bars or KIND Healthy Bars.

78.     The Plaintiff and proposed Class Members were injured as a direct and proximate result of KIND's breaches of warranty because neither the Plaintiff nor proposed Class Members would have purchased KIND All Natural Bars or KIND Healthy Bars if they had known the warranties were false.

## SECOND CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

79.     Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

80.     Plaintiff brings this count individually, on behalf of the members of Nationwide All Natural Class, Nationwide Healthy Class, California All Natural Class, and California Healthy Class.

81.     KIND, as the designer, manufacturer, marketer, distributor, and seller, impliedly warranted that KIND All-Natural Bars and KIND Healthy Bars were fit for their intended purpose in that the products made for consumption were healthy and free from unnatural ingredients. KIND did so with the intent to induce Plaintiff and proposed Class Members to purchase KIND All-Natural Bars or KIND Healthy Bars.

82.     KIND breached its implied warranty because KIND All Natural Bars contain one or more artificial ingredients or synthetic substances.

83.     KIND breached its implied warranty because KIND Healthy Bars exceed federal requirements for the nutrient claim "healthy.

84.     Plaintiff and proposed Class Members purchased KIND All-Natural Bars or KIND Healthy Bars in reliance upon KIND's skill and judgment and the implied warranties discussed above.

85.     Neither Plaintiff nor proposed Class Members altered the KIND All-Natural Bars or KIND Healthy Bars after purchase.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

86.    Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

87.    Plaintiff brings this count individually, on behalf of the members of Nationwide All Natural Class, Nationwide Healthy Class, California All Natural Class, and California Healthy Class.

88.    KIND was enriched at the expense of Plaintiff and proposed Class Members as a result of its deceptive, fraudulent and misleading labeling, advertising, marketing and sales of KIND All-Natural Bars and KIND Healthy Bars.

89.    The Plaintiff and proposed Class Members conferred a benefit on KIND by buying and paying the purchase price for KIND All-Natural Bars or KIND Healthy Bars when, in fact, the snack bars are neither "All Natural" nor "healthy."

90.    By virtue of the unlawful conduct described herein, KIND will be unjustly enriched if it is permitted to retain the revenues derived from Plaintiff and proposed Class Members' purchases of the KIND All-Natural Bars or KIND Healthy Bars. Retention under these circumstances is unjust and inequitable because 1) KIND falsely and misleadingly labeled and represented KIND All-Natural Bars that contain one or more synthetic and artificial ingredient and 2) KIND falsely and misleading represented KIND Healthy Bars that exceed federal requirements for the nutrient claim.

91.    In equity and good conscience, KIND should be required to return to Plaintiff and proposed Class Members the amount they paid to purchase KIND All-Natural Bars or KIND Healthy Bars. Otherwise, KIND will be unjustly enriched and Plaintiff and proposed Class Members will be left without an adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Intentional Misrepresentation)

92.    Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

93.    Plaintiff brings this count individually, on behalf of the members of Nationwide All Natural Class, Nationwide Healthy Class, California All Natural Class, and California Healthy Class.

94.    At the times and locations and in the manner set forth in detail above, KIND represented to Plaintiff and proposed Class Members that KIND All-Natural Bars were "All Natural" and KIND Healthy Bars were "healthy."

95.    KIND's representations were false and misleading because 1) KIND All-Natural Bars contain one or more artificial ingredients or synthetic substances and 2) KIND Healthy Bars exceed federal requirements for the use of nutrient claim "healthy."

96.    KIND knew its statements and representations regarding the nature and qualities of the KIND All-Natural Bars and KIND Healthy Bars were false and misleading at the time these statements or representations were made.

97.    KIND made the misrepresentations alleged herein with the intent to induce and persuade Plaintiff and proposed Class Members to purchase KIND All-Natural Bars and KIND Healthy Bars.

98.    KIND further withheld and omitted material information regarding KIND All-Natural Bars and KIND Healthy Bars with the intent to induce and persuade Plaintiff and proposed Class Members to purchase KIND All-Natural Bars and KIND Healthy Bars.

99.    Plaintiff and proposed Class Members reasonably relied on KIND's false and misleading statements and misrepresentations, and on the absence of the material information

31

that KIND omitted when they made the decision to purchase KIND All-Natural Bars or KIND Healthy Bars over other comparable snack bars available in the marketplace.

100.   Plaintiffs and proposed Class Members were induced to pay for a misbranded product as a direct and proximate result of KIND's intentional misrepresentations and deceptive omissions.

101.   Plaintiffs and proposed Class Members were damaged by their purchase and consumption of KIND All-Natural Bars and KIND Healthy Bars.

102.   Plaintiffs' and proposed Class Members' reliance on KIND's statements and representations as to the nature and characteristics of KIND All-Natural Bars and KIND Healthy Bars were reasonable. As a result, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and all proposed classes are therefore entitled to recover exemplary or punitive damages. In addition, Plaintiff and all proposed classes seek attorneys' fees and costs as allowed by statute.

## FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)

103.   Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

104.   Plaintiff brings this count individually, on behalf of the members of Nationwide All Natural Class, Nationwide Healthy Class, California All Natural Class, and California Healthy Class.

105.   During the course of its marketing, advertisement and promotion of KIND All-Natural Bars and KIND Healthy Bars, KIND carelessly and negligently made representations or omitted information regarding KIND All-Natural Bars and KIND Healthy Bars that KIND knew or should reasonably have known or reasonably foreseen were material facts.

106.   KIND has a pecuniary interest in the marketing, advertisement and promotion of KIND All-Natural Bars and KIND Healthy Bars.

107.   KIND was in a superior position than Plaintiff and proposed Class Members to know the material facts that would influence a consumer's purchasing decision.

108.   KIND could reasonably foresee that Plaintiff and proposed Class Members were likely to rely upon the misrepresentations or omissions.

109.   KIND's misrepresentations and omissions were material because the statements and omitted facts relate to information that reasonable consumers, including Plaintiff and proposed Class Members, would attach importance in their purchasing decisions or conducts regarding the purchase of KIND All-Natural Bars or KIND Healthy Bars.

110.   Under the circumstances, KIND had a duty to disclose material, truthful information represented or omitted in its careless, unreasonable and negligent misrepresentations and omissions, as set forth in this Complaint.

111.   Thus, KIND was careless, unreasonable and negligent when it falsely represented or omitted materials facts in the representations and omissions alleged herein to Plaintiff and proposed Class Members.

112.   As alleged in this Complaint, Plaintiffs and proposed Class Members uniformly relied on KIND's careless, unreasonable and negligent misrepresentations and omissions, and under the circumstances described above such reliance were reasonable and justifiable.

113.   Plaintiffs and proposed Class Members were injured and suffered loss of money and property as a result of Defendant's careless, unreasonable and negligent statements and omissions as described herein. Therefore, Plaintiffs and proposed Class Members are entitled to recover damages from Defendant and attorneys' fees and costs as allowed by statute.

33

## SIXTH CAUSE OF ACTION
### (Violation of California's Consumers Legal Remedies Act)

114.   Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

115.   Plaintiff brings this count individually, on behalf of the members of the California All Natural Class, and the California Healthy Class.

116.   This cause of action is brought pursuant to the Consumers Legal Remedies Act (the "CLRA"), California Civil Code §1750, *et seq*.  Plaintiff is a consumer under California Civil Code §1761(d); KIND All-Natural Bars and KIND Healthy Bars are goods within the meaning of the CLRA.

117.   KIND violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in its transactions with Plaintiff and proposed Class Members which were intended to result in, and did result in, the sale of KIND All-Natural Bars and KIND Healthy Bars:

   a)   Representing that [the Products have] … characteristics … uses [or] benefits … which it does not have … ***

   b)   Representing that [the Products are] of a particular standard, quality or grade… if [they are] of another. ***

   c)   Advertising a good… with intent not to sell it as advertised. ***

   d)   Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

118.   KIND violated the CLRA by making false or deceptive representations about KIND All-Natural Bars and KIND Healthy Bars as described above, when they knew, or should have known, that the representations and advertisements were false or misleading.

34

119.   Plaintiff and proposed Class Members reasonably relied upon KIND's representations regarding the qualities and attributes of KIND All-Natural Bars and KIND Healthy Bars.

120.   Plaintiff and proposed Class Members were deceived by KIND's representations as to the qualities and attributes of KIND All-Natural Bars and KIND Healthy Bars, including but not limited to the benefits and characteristics of the snack bars, taken as a whole, as described herein.   Plaintiff and proposed Class Members would not have purchased KIND All-Natural Bars or KIND Healthy Bars had they known that KIND's claims were untrue, or had they known the true nature of KIND All-Natural Bars or KIND Healthy Bars.

121.   Plaintiff and proposed Class Members seek an order of this Court awarding Plaintiff and proposed Class Members prospective and retrospective injunctive relief, and attorneys' fees and costs as allowed by statute. Plaintiff and proposed Class Members are not seeking damages or punitive damages at this time for their CLRA claim; Plaintiff and proposed Class Members will seek leave to amend the Complaint 30 days after providing formal notice to KIND of its intention to seek damages and punitive damages.

## SEVENTH CAUSE OF ACTION
### (Violation of California's False Advertising Law)

122.   Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

123.   Plaintiff brings this count individually, on behalf of the members of California All Natural Class, and California Healthy Class.

124.   Plaintiff has standing to pursue this claim because Plaintiff suffered injury in fact as a result of KIND's actions as forth herein. Prior to filing this action, Plaintiff purchased KIND All-Natural Bars or KIND Healthy Bars in reliance upon KIND's marketing claims.

125.   KIND's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising under California Business and Professions Code section 17500, *et seq*. (the "Code") because KIND advertises KIND All-Natural Bars and KIND Healthy Bars in a manner that is untrue and misleading, and that KIND knew or reasonably should have known its advertisement to be untrue or misleading.

126.   KIND's wrongful business practices caused injury to Plaintiff and proposed Class Members.

127.   Pursuant to section 17535 of the Code, Plaintiff and proposed California classes seek an order of this court enjoining KIND from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the Complaint.

128.   Plaintiff and proposed California classes also seek an order for disgorgement and restitution of all monies from sale of KIND All-Natural Bars and KIND Healthy Bars, which were unjustly acquired through acts of unlawful, unfair, or fraudulent competition.

## EIGHTH CAUSE OF ACTION
### (Violation of California's Unfair Competition Law)

129.   Plaintiff and proposed Class Members re-allege and incorporate by reference each allegation set forth above.

130.   Plaintiff brings this count individually, on behalf of the members of California All Natural Class, and California Healthy Class.

131.   California Unfair Competition Law (the "UCL") set forth in Business Professions Code Section § 17200 provides injunctive relief for unlawful, fraudulent or unfair business acts or practices.

36

**A.      KIND's Unlawful Act or Practice**

132.    KIND's conduct is in violation of the UCL because the acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices.

133.    KIND's conduct is further "unlawful" because its acts or practices are in violation of the FDCA and its implementing regulations. Specifically, KIND consistently maintains that its snack bars including KIND Healthy Bars are "healthy and tasty." However, none of the KIND Healthy Bars meet the requirements for use of the nutrient claim "healthy" set forth in 21 CFR 101.65(d)(2). Under 21 CFR 101.65(d)(2), food products may only use the term "healthy" as an implied nutrient content claim on the label or in the labeling of a food provided that the food, among other things, is "low saturated fat" as defined in 21 CFR 101.62(c)(2) (i.e., the food has a saturated fat content of 1 g or less per RACC and no more than 15 percent of the calories are from saturated fat). However, KIND Healthy Bars contain between 3.5 and 5 gram of saturated fat per 40 gram of the food and more than 15 percent of the calories are from saturated fat. These saturated fat levels exceed federal requirements for the nutrient claim "healthy."

134.    KIND's conduct is further "unlawful" because it violates the California Sherman Food, Drug, and Cosmetic Law, see Cal. Health & Safety Code § 109875-111900, which incorporates the provisions of the FDCA. See id. §§ 110110-110115.

135.    KIND profited from its sales of the falsely, deceptively, or unlawfully advertised Product to unwary consumers.

**B.      KIND's Unfair Acts or Practices**

136.    In the alternative, the acts, omissions, misrepresentations, practices, and non-disclosures of KIND as alleged herein constitute "unfair" business acts and practices under the

UCL. KIND's conduct is immoral, unscrupulous, and offends public policy because it seeks to capitalize on consumer's desire for quality food products by representing that KIND All-Natural Bars are free from unnatural ingredients and that KIND Healthy bars are healthy. Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

**C.     KIND's Fraudulent Acts or Practices**

137.   In the alternative, the acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices under the UCL. KIND made false and misleading claims that had a tendency to deceive not only Plaintiff, but also proposed Class Members and the public, as detailed herein.

138.   KIND profited from its sales of KIND All-Natural Bars and KIND Healthy Bars that were fraudulently, falsely and deceptively advertised to unwary consumers.

139.   Plaintiff and proposed California class seek an order enjoining KIND from continuing to conduct business through unlawful, unfair, or fraudulent acts and practices, and to commence a corrective advertising campaign.

140.   Plaintiff and proposed California class further seek an order for disgorgement and restitution of all profit earned from the sale of KIND All-Natural Bars and KIND Healthy Bars, which were obtained through unfair, unlawful or fraudulent acts or practices. Plaintiff and proposed California class also seek attorneys' fees and costs as allowed by statute.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff, on behalf of herself, and on behalf of members of the classes request an award and relief as follow:

A.     An order certifying that this action is properly brought and may be maintained as a class action;

B.      An order appointing the Plaintiff as class representative and Faruqi & Faruqi as counsel for the classes.

C.      Restitution in such amount that the Plaintiff and Class Members paid to purchase KIND All-Natural Bars or paid as a premium over non-natural alternatives for causes of action for which it is available;

D.      Restitution in such amount that the Plaintiff and Class Members paid to purchase KIND Healthy Bars or paid as a premium over healthy alternatives for causes of action for which it is available;

E.      Compensatory damages for causes of action for which they are available;

F.      Punitive damages for causes of action for which they are available;

G.      A declaration that KIND's "All Natural" and "healthy" claims are unlawful, and an order enjoining KIND from unlawfully and misleadingly representing its snack bars in violation of state and federal law;

H.      An order awarding the Plaintiff the cost of the suit, including reasonable attorney's fees and pre- and post-judgment interest;

I.      Such other relief as the Court deem necessary or appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all causes of action or issues so triable.

Dated: May 27, 2015

Antonio Vozzolo (No. AV-8773)
369 Lexington Avenue 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com

Holzer & Holzer, LLC
Corey D. Holzer (*pro hac vice* to be filed)
1200 Ashwood Parkway
Suite 410
Atlanta, GA 30338
(770) 392-0090 (ph)
(770) 392-0029 (fax)
Email: cholzer@holzerlaw.com